UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON



FEB 1 7 2006

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
INSTALLATION AND USE OF A PEN        Misc. No. 2:06-mc-00028
REGISTER WITH CALLER IDENTIFICATION
DEVICE AND CELL SITE LOCATION
AUTHORITY ON A CERTAIN CELLULAR
TELEPHONE

MEMORANDUM OPINION AND ORDER

Pending before the court is the Application of the United States of America for an Order Authorizing the Installation and Use of a Pen Register With Caller Identification Device and Cell Site Location Authority on a Certain Cellular Telephone ("Application"). It is hereby **ORDERED** that the Application is filed **UNDER SEAL** until further order of this court.

The Application requests the undersigned to enter an order which does three things:

> (a) authorize the use of a pen register with a caller identification device and/or trap and trace device, without geographic limitation within the United States, for a period of sixty days, on a specific cellular telephone, for the purpose of assisting law enforcement to locate and apprehend a fugitive from justice;
> (b) authorize the use of a pen register which would capture and report at the same time, originating and terminating "Cell Site Location Information," which is defined as information which identifies the antenna tower receiving transmissions from that cellphone (and any information on what portion of that tower is receiving a transmission, if available) at the beginning and end of a particular telephone call made or received by the cellphone's user, which information is to be transmitted

from the cellphone's service provider to the United States Marshals Service and other law enforcement agencies), for all calls made to or from the subject cellphone; and

(c) direct the applicable service provider to furnish to the United States Marshals Service or other investigating agency all information, facilities, and technical assistance necessary to operate a pen register with a caller identification device and/or trap and trace device and cell site location authority on the subject cellphone, subject to the limitations of 18 U.S.C. § 3121(c), as the service provider may have available, to capture and report all call-identifying and Cell Site Location Information.

The sole purpose of the government's Application is to obtain information which will locate and lead to the arrest of a fugitive from justice. The United States certifies that the fugitive is using another person's cellphone. In other words, the fugitive is not the subscriber of the cellphone.

The undersigned has previously granted the relief sought in subparagraph (a), by Order entered January 20, 2006, but the pen register and the trap and trace device were not installed. The United States has not submitted the usual application to obtain stored electronic records relating to the cellphone, pursuant to 18 U.S.C. § 2703(d). In support of the pending Application, the United States has submitted a lengthy brief in the form of a letter, which invokes 18 U.S.C. §§ 3121-3126 and 2703.

In evaluating the Application, the undersigned has thoughtfully considered the brief of the United States and all published decisions available on this rapidly developing topic. Four decisions address the specific request made here, which is to obtain Cell Site Location Information. Magistrate Judge Gorenstein

granted an application in <u>In re Application of the United States of America for an Order for Disclosure of Telecommunications Records and Authorizing the Use of a Pen Register and Trap and Trace</u>, __ F. Supp.2d _____, 2005 WL 3471754 (S.D.N.Y. Dec. 20, 2005). Magistrate Judge Facciola denied an application in <u>Application of the United States of America for an Order Authorizing the Release of Prospective Cell Site Information</u>, ___ F. Supp.2d ___, 2006 WL 41229 (D.D.C., Jan. 6. 2006). Magistrate Judge Callahan denied an application in <u>Application of the United States of America for an Order Authorizing the Disclosure of Prospective Cell Site Information</u>, ___ F. Supp.2d _____, 2006 WL 243017 (E.D. Wis. Jan. 17, 2006). Magistrate Judge Hornsby granted an application in <u>Application of the United States for an Order: (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device; and (2) Authorizing Release of Subscriber Information and/or Cell Site Information</u>, ___ F. Supp.2d _____, 2006 WL 244270 (W.D. La. Jan. 26, 2006).

The court has also had the benefit of reviewing three cases, all of which denied the government's applications to obtain information on the location of a cellphone whenever it is on: <u>In re Application for Pen Register and Trap/Trace Device with Cell Site Location Authority</u>, 396 F. Supp.2d 747 (S.D. Tex. 2005); <u>Application of the United States for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device and (2) Authorizing Release of Subscriber Information and/or Cell Site</u>

Information, 396 F. Supp.2d 294 (E.D.N.Y. 2005); and <u>Application of the United States of America for an Order Authorizing the Installation and Use of a Pen Register and a Caller Identification System on Telephone Numbers and the Production of Real Time Cell Site Information</u>, 402 F. Supp.2d 597 (D. Md. 2005).

The foregoing cases explain thoroughly the statutory structure of Chapter 206 (Pen Registers and Trap and Trace Devices) and Chapter 121 (Stored Wire and Electronic Communications and Transactional Records Access) of Title 28, and Chapter 9 (Interception of Digital and Other Communications) of Title 47, of the United States Code. The undersigned is unpersuaded by the government's argument that Chapters 206 and 121, considered together, permit a court to authorize use of a pen register and trap and trace device in order to locate a <u>subscriber</u> using a cellphone in a geographical area, despite the provisions of 47 U.S.C. § 1002(a)(1). That statute reads, in pertinent part, as follows:

> **(a) Capability requirements**
> * * * [A] telecommunications carrier shall ensure that its equipment, facilities, or services that provide a customer or subscriber with the ability to originate, terminate, or direct communications are capable of -
> > (1) expeditiously isolating and enabling the government, pursuant to a court order or other lawful authorization, to intercept, to the exclusion of any other communications, all wire and electronic communications carried by the carrier within a service area to or from equipment, facilities, or services of a subscriber of such carrier concurrently with their transmission to or from the subscriber's equipment, facility, or service, or at such later time as may be acceptable to the

>           government;
>                (2) expeditiously isolating and enabling the government, pursuant to a court order or other lawful authorization, to access call-identifying information that is reasonably available to the carrier -
>                     (A) before, during, or immediately after the transmission of a wire or electronic communication (or at such later time as may be acceptable to the government); and
>                     (B) in a manner that allows it to be associated with the communication to which it pertains,
>      except that, *with regard to information acquired solely pursuant to the authority for pen registers and trap and trace devices (as defined in section 3127 of Title 18), such call-identifying information shall not include any information that may disclose the physical location of the <u>subscriber</u>* (except to the extent that the location may be determined from the telephone number); . . ..

[Emphasis added.] However, the court need not reach that issue. As noted, the person sought by the Marshals Service is <u>not</u> the <u>subscriber</u>. The <u>user</u> of a cellphone who is <u>not</u> the subscriber has no protection pursuant to 47 U.S.C. § 1002(a)(1).

Accordingly, it is hereby **ORDERED** that the Application is granted. This Court authorizes the use of a pen register with a caller identification device and/or trap and trace device with the authority to obtain Cell Site Location Information, without geographic limitation within the United States, for a period of sixty days from the date of this order for the telephone issued by Cingular Wireless currently assigned the number set forth in the Application, and for the disclosure of Cell Site Location

Information for all calls made to or from the subject cellphone for a period of sixty days from the date of this Order, or until the arrest of the subject fugitive, whichever comes first.

It is further **ORDERED** that Cingular Wireless shall furnish forthwith to the United States Marshals Service or other investigating agencies all information, facilities, and technical assistance necessary to operate a pen register or trap and trace device on the subject cellphone and to accomplish the disclosure of call-identifying and Cell Site Location Information for all calls made to or from the subject cellphone unobtrusively and with the minimum interference to the service presently provided to the subject cellphone.

The Clerk is directed to provide copies of this Memorandum Opinion and Order to the United States Attorney's Office, who is responsible for serving it upon Cingular Wireless, and to publish it on this Court's website.

ENTER: February 17, 2006

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge